## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

GARY L. QUIGG,

                 Plaintiff,

vs.

CHRIS EVANS, et al.,

                 Defendants.

**CV 18-90-H-BMM-JTJ**

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

       Plaintiff Gary Quigg, a prisoner proceeding without counsel, filed a Complaint on September 17, 2019 (Doc. 2.) Quigg seeks declaratory and injunctive relief. Because Quigg is a prisoner proceeding in forma pauperis, Magistrate Judge John Johnston was required to review Quigg's Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)() require a complaint filed in forma pauperis to be evaluated before it is served to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

       Judge Johnston issued Findings and Recommendations in this matter on December 26, 2018. (Doc. 8.) Judge Johnston determined that Quigg's Complaint failed to state a claim, and accordingly recommended dismissal of Quigg's

Complaint (Doc. 8 at 26.) Judge Johnston further determined that the Court should decline to exercise supplemental jurisdiction over Quigg's remaining state law claims. *Id.*

Quigg filed an objection to Judge Johnston's Findings and Recommendations on February 11, 2019. (Doc. 13.) The Court reviews de novo findings and recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the findings and recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## I.  Quigg's Objections

### A. Res Judicata

Quigg's first objection relates to Judge Johnston's determination that Quigg's claims challenging his parole revocation proceedings are barred by res judicata because the Montana Supreme Court has already decided the issues raised. Judge Johnston determined that Quigg's Complaint constitutes an attempt to raise the same issues that were raised in Quigg's state habeas proceeding – whether Quigg's constitutional rights were violated at the on-site hearing. Quigg's objection asserts that he was not provided a full and fair hearing in State Court. (Doc. 13 at 2.) Quigg's argument is both an attempt to reargue this issue decided in Montana State Court, and a reargument of Quigg's Complaint. The Court will review Judge Johnston's Findings and Recommendations, therefore, for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations regarding res judicata.

### B. Deprivation of Property

Quigg's second objection relates to Judge Johnston's determination that Quigg's Fourteenth Amendment rights against depravation of property without due process. Judge Johnston determined that Quigg possesses an adequate post-deprivation remedy under the Montana Tort Claims Act regarding his alleged

depravation of his car and house keys. (Doc. 8 at 21.) Quigg asserts that he filed a claim under the Montana Tort Claims act but no formal decision has been made on the merits. (Doc. 13 at 5.) Quigg fails to assert that he was denied a remedy under the Montana Tort Claims Act. Quigg further alleges that Officer Evans negligently or intentionally took Quigg's property.

Authorized and intentional deprivation of property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)). Quigg alleges that Officer Evans negligently or intentionally took Quigg's property. Qugg fails to assert a proper Due Process claim. Quigg's objection to Judge Johnston's determination that Quigg was denied his Fourteenth Amendment rights against property deprivation must be overruled.

**C. Use of the Phone**

Quigg's third objection relates to Judge Johnston's determination that Quigg was not denied his right to free speech or access to the courts. Quigg's Complaint asserts that he was deprived his right to communicate with persons outside of the jail through telephone and personal visits. Judge Johnston determined that Quigg was not deprived of all means of communication. Quigg's objection asserts that Officer Evans instructed jail staff not to permit use of the phone or allow any

visitation. (Doc. 13 at 5.) Quigg further argues that he had no writing materials or envelopes. *Id.* Quigg contends that his requests for such materials were denied. Quigg argues that he was denied outside communications that could have enabled him to seek witnesses and evidence for use at the on-site hearing. *Id.*

Quigg's argument appears to be a reargument of his original Complaint. Quigg's argument further fails to provide legal argument or supporting authority sufficient to adequately object to Judge Johnston's Findings and Recommendations. The Court will therefore review Judge Johnston's Findings and Recommendations for clear error regarding Quigg's assertion of his First Amendment right. The Court finds no clear error.

**D. Search of Cell Phone**

Quigg's fourth objection relates to Judge Johnston's determination regarding the search of his cell phone. (Doc. 13 at 6.) Judge Johnston reasoned that Quigg's Fourteenth Amendment claim regarding the search of his cell phone was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Quigg argues that *Heck* does not apply to the search of his cell phone.

The United States Supreme Court determined in *Heck* that a plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, otherwise declared invalid, or called into question by a federal court's issuance of a

5

writ of habeas corpus. *Heck*, 512 U.S. at 487. The search of Quigg's cell phone led at least in part to Quigg's federal conviction. Quigg fails to address the fact that the search pertained to his conviction in United States v. Quigg 15-cr-147-BLG-SPW. Quigg's objection regarding the search of his cell phone must be overruled.

### E.  State Law Claims

Quigg's final objection relates to Judge Johnston's recommendation that the Court decline to exercise jurisdiction over Quigg's state law claims. Quigg's objection fails to properly argue that Judge Johnston's Findings and Recommendations regarding Quigg's state law claims are insufficient. The Court has reviewed Judge Johnston's Findings and Recommendations regarding Quigg's state law claims for clear error. The Court finds no clear error.

**ACCORDINGLY IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 8), are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be

taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain that the instant Complaint lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Quigg failed to state a claim upon which relief may be granted.

DATED this 1st day of April, 2019.


_____
Brian Morris
United States District Court Judge